## Elizabeth Walton's Estate.   Heston Walton's Appeal.

*Parent and child—Guardian and ward—Agent—Jurisdiction of orphans'
court.*

While a father is obliged to support and educate his minor children ac-
cording to his condition in life, the orphans' court has no jurisdiction to
enforce this liability by seizing the father's money.

A married woman left her whole estate to a trustee in trust for her
daughter.   The husband elected to take against the will.   By agreement
the trustee took entire charge of the estate, and paid to the husband his
portion of the income.   He supported and educated the daughter away
from her father's home, and, assuming that the father was of sufficient
ability to pay for her support and education, he offset against the father's
portion of the income the sums expended for her support and education.
The orphans' court sustained the action of the trustee.   *Held*, (1) that the
trustee in collecting the father's share of the income acted merely as agent
of the father, and had no authority to blend in one account as trustee in
the orphans' court his and the father's individual transactions; (2) that
the orphans' court had no jurisdiction to apply the father's money to the
support of the daughter; (3) that the question as to the jurisdiction of the
orphans' court could be raised in the Supreme Court, although not raised
in the court below.

Argued Feb. 12, 1896.   Appeal, No. 7, July T., 1895, by
Heston Walton, from decree of O. C. Bucks Co., dismissing
exceptions to auditor's report on the account of T. Howard At-
kinson, trustee.   Before WILLIAMS, MCCOLLUM, MITCHELL,
DEAN and FELL, JJ.   Reversed.

Exceptions to report of auditor.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's
report.

*N. H. Larzelere, Harry J. Shoemaker* with him, for appel-
lant.—All matters affecting estates of infants and the relations
of guardians and wards, belong almost exclusively to the or-
phans' court.   Questions affecting custody of infants, through
writs of habeas corpus, belong to the common pleas, and per-
haps likewise the right of recovery for support of infants by

third persons, provided the right rests upon contract.  The quarter sessions cover the rest of the ground: Chitty's Note, 1 Bl. Com. 458; act of June 13, 1836, P. L. 547.

The trustee had no right to collect from the father, even outside the orphans' court: Duffey v. Duffey, 44 Pa. 399 ; Chilcott v. Trimble, 13 Barb. 502; Keller v. Com., 71 Pa. 417; Com. v. Demott, 64 Pa. 302.

*J. F. Long*, for appellee.—The superior right of the father to custody of his child may be forfeited by abuse, cruelty or misconduct, or lost by reason of his bad character and conduct.  In which case a court of competent jurisdiction may interfere, and, if the welfare of his children requires it, the custody and control of them may be given to the mother or to some other person: Ramsey v. Ramsey, 6 L. R. A. 682; Com. v. Hart, 14 Phila. 354 ; Margaret Brown's Est. 166 Pa. 254; Heinemann's App., 96 Pa. 112.

The orphans' court, in all matters within its jurisdiction, is a court of equity powers, and has a full power in the right discharge of its duties to grant relief as a chancellor has : Johnson's App., 114 Pa. 132; Lowry's App., 114 Pa. 219; McGowin v. Remington, 12 Pa. 63 ; Shollenberger's App., 21 Pa. 340; Kittera's Est., 17 Pa. 423; Dundas's App., 73 Pa. 474.

OPINION BY MR. JUSTICE DEAN, March 2, 1896 :

Elizabeth L. Walton, on October 1, 1889, died, leaving to survive her, a husband, Heston Walton, and a minor daughter, Hetty Ann Walton.  She left a considerable estate, part of it two valuable farms.  Domestic difficulties had caused a separation from her husband some years before, and at her death she and her daughter lived apart from the husband and father.  In her will, she gave the husband nothing, and left the whole estate to a trustee to be appointed by the orphans' court of Bucks county, in trust for her daughter Hetty; her husband did not concur in this disposition of her estate, and elected to take under the intestate laws; consequently, in addition to a share in the personalty, he was entitled to one third of the income from the farms.  The orphans' court appointed T. Howard Atkinson, Esq., trustee for the daughter, and apparently with the acquiescence of the father he received the entire

income from the farms, with the understanding he would pay over to Heston Walton his one third. Although after her mother's death, the daughter lived for a time with her father, she again returned to and made her home with her mother's relatives in January, 1891, and continued to make her home with them up until the 12th of October, 1893, when the trustee filed his account. During this time, he had paid the bills for her education and maintenance; in his account, he charges himself with the income of the daughter's trust estate, and also with the one third payable to her father; then, assuming that the father was of sufficient ability to pay for the support and education of his daughter, without appropriating her individual income for that purpose, he sought to offset, against the father's third, his expenditures as trustee in the support and education of the daughter, while living away from his home. The father filed exceptions to the account, and an auditor was appointed to hear and decide them. He sustained the charges of the trustee against the father, and the orphans' court confirmed his report, and imposed the costs of audit upon her father, Heston Walton, who now appeals, assigning for error the decree of the court.

The auditor bases his conclusion on the proposition that a father is obliged to support and educate his minor children according to his condition in life, even though the children have an estate independent of the father. As there was no question in this case as to the father's financial ability, and as there was some evidence of ill treatment of his daughter, in consequence of which she refused to live in his family, though as to this last the evidence was conflicting, the auditor decided to enforce the father's liability by appropriating his money to the daughter's trustee.

We do not question the correctness of the legal proposition stated by the auditor; the real question is, Had the orphans' court jurisdiction to determine the facts necessary to fix the liability of the father, and to enforce that liability by in effect seizing the father's money?

Without direction from or consent of the husband of the testatrix, the trustee had no authority to receive his third of the income from the farms; this third came to the husband, not under the will but in spite of it; the intestate laws gave it to him. The trustee's authority was derived from this clause of

the will: "In trust to pay all the interest, income, dividends, rents, issues and profits arising therefrom, annually, to my daughter Hetty Ann Walton, for and during the term of her natural life." The trust was solely for the daughter and her share of the income. Assume, the father acquiesced in the receipt by the trustee of his share, that constituted him but an agent for the father in this particular transaction; but this gave him no authority to blend in one account as trustee in the orphans' court his and the father's individual transactions. That court was not established for settlement of business transactions between agents and principals. But, to go further, and assume, that as this question going to the jurisdiction over the person was not raised by exceptions to the account it ought not to be raised on appeal to this court, how stands the case?

The daughter had left the father's home in 1891, and refused to return; concede that on the conflicting evidence she was justified in so doing; where is found the jurisdiction of the orphans' court over the subject so as to fix the father's liability as to amount, by impounding his money and handing it over to Atkinson, the trustee? Any implied authority to Atkinson extended no further than to receive one third of the rents and pay them over to the father; where is the authority to appropriate them in payment of the father's debts in such amounts and for such purposes as he chose, without even consulting the father? The mere facts that the father's agent and the daughter's trustee happened to be the same person, would give the agent no right to appropriate his principal's money even to an undisputed liability to a third person, let alone to a debt which the father strenuously denied.

Whatever may be the merits of the dispute between the trustee, the daughter and the father, as to which we express no opinion, clearly the orphans' court had no jurisdiction to determine in the settlement of this trustee's accounts the liability of the father for the education and support of his daughter.

The decree is reversed, and the auditor's report set aside, in so far as said report awards to the trustee any part of the money coming to Heston Walton to reimburse said trustee for expenditures made on account of support and education of Hetty Ann Walton. Costs to be paid by appellee.