Estate of John M. Evans, deceased, in the matter of Annie Evans, a Minor.    Appeal of Evan M. Evans.

Argued Jan. 11, 1898. Appeal, No. 21, Jan. T., 1898, by Evan M. Evans, from decree of O. C. Luzerne Co., No. 198 of 1890, surcharging guardian of Annie Evans. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

The facts in this case sufficiently appear from the report of the case of Estate of Lizzie Evans, ante, p. 142.

*John T. Lenahan,* for appellant.

*A. Ricketts,* for appellee.

OPINION BY PORTER, J., March 21, 1898:

*Decedent's estate—Guardian's account—Claim of widow for her share of money paid guardian—Jurisdiction, O. C.*

The widow's share of the personalty of a decedent having been paid directly to the guardian of the minor children by consent both of the administrator and the widow, he cannot be compelled to bring it into his account as guardian; if it be improperly retained by the guardian the widow is relegated to some other proceeding for its recovery.

Argued Jan. 12, 1898. Appeal, No. 34, Jan. T., 1898, by Ann Jones, from decree of O. C. Luzerne Co., No. 198 of 1890, refusing to entertain petition for an order upon Evan M. Evans to pay to her the distributive share as widow in the personal estate

of her husband, found and declared by the said court to be due to her and in the hands of said Evans, guardian, and refusing to make such order. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.

Exceptions to guardian's account. Before DARTE, P. J.

The facts sufficiently appear from the report of the preceding case in the matter of Lizzie Evans' estate, except that it appears from the record that the amount of money taken possession of by said guardian alleged to be due to the petitioner, the widow, as her distributive share amounted to $417.53.

On presentation of the petition, the court refused the same, for the reason that the court has no jurisdiction to make such order. Ann Jones, the widow, appealed.

*Errors assigned* were (1) in ruling that the orphans' court in Pennsylvania has no jurisdiction to compel a guardian to pay over to a widow of decedent, her distributive share of the personal estate of the decedent, which the guardian has taken into his possession. (2) In refusing to entertain the petition of the widow of John M. Evans, for an order upon Evan M. Evans to pay to her the distributive share in the personal estate of her deceased husband, to which she is entitled as widow, and of which he had become possessed as guardian.

*A. Ricketts*, for appellant.—The Act of June 16, 1836, sec. 19, P. L. 792, confers ample jurisdiction upon the orphans' court to meet the exigencies of this case: Mussleman's Appeal, 65 Pa. 480 ; Ashford v. Ewing, 25 Pa. 213.

Further than this, the cases of Brooke's Appeal, 102 Pa. 150, Odd Fellows Savings Bank's Appeal, 123 Pa. 356, and Mulholland's Estate, 154 Pa. 491, fully establish that the orphans' court has jurisdiction to compel, even those who are not under the special control of the court, to pay over any portion of decedents' estates of which they may have obtained possession; the fact that what they have in possession is part of a decedent's estate, being all that is necessary to give the court jurisdiction.

*John T. Lenahan*, for appellee.—The citation of cases by counsel on the other side does not support the spirit and object

of the act.   See Baskin's Appeal, 34 Pa. 272; Walton's Appeal, 174 Pa. 195 ; Bull v. Towson, 4 W. & S. 557.

So thoroughly grounded is the doctrine that the orphans' court has no jurisdiction in a case of this nature that the Philadelphia courts in Laney's Est., 2 Dist. Rep. 801, seem to entertain no doubt whatever of the soundness of our position here.

OPINION BY PORTER, J., March 21, 1898:

The widow's share of a decedent's estate passed (with the assent of the administrator), together with the interests of the wards, directly to the guardian.   This appeal is from the refusal of the orphans' court, upon the account of the guardian, to make an order on him to pay to the widow her alleged share of the estate of the minors' deceased father.   The amount claimed is not alleged to be a part of the estate of the minors.   The guardian did not bring it into his account, nor should he have done so.   It had no place there: Baskin's Appeal, 34 Pa. 272; Walton's Appeal, 174 Pa. 195.   If it be improperly detained from the petitioner she is relegated to some other proceeding for its recovery.

The opinion of the court below is self-sustaining, and the amendment made to the decree was necessary to a proper adjudication of the subject-matter.   The ingenious argument of the counsel for the appellant has not convinced us that error has been committed, and the decree of the lower court is therefore affirmed.