PRICE *et al. v.* MOONEYHAM *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

FRED D. BOOTH and DENNIS ERWIN, both of Erwin, for plaintiffs in error.

R. W. KIRKPATRICK, of Jonesboro, for defendants in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the heirs of Dusky Buckner, deceased, to set aside a mortgage of certain land belonging to her, and a sale made thereunder. The chancellor dismissed the bill and the Court of Appeals affirmed his decree. This court granted petition for *certiorari*, not being satisfied with the disposition by the courts below of one matter presented.

The bill alleged that James Buckner, the husband of Dusky Buckner, procured another woman to personate her, and that this imposter, pretending to be Dusky Buckner, joined with James Buckner in executing the conveyance herein attacked—that Dusky Buckner never executed or acknowledged this mortgage herself. The answer denied these allegations, averred that Dusky Buckner did join with her husband, James Buckner, in executing this mortgage, and that she personally ap-

peared and duly acknowledged the execution of the instrument before a notary public.

Proof was taken and the chancellor and the Court of Appeals both found that Dusky Buckner had in fact executed and acknowledged the mortgage. There is abundant evidence to sustain this finding of the chancellor and the Court of Appeals and such concurrent finding is of course binding upon this court.

Another assault made upon the mortgage is that the commission of the notary who took the acknowledgment of Dusky Buckner had expired at the time and it is urged that he acted without legal authority. The chancellor and the Court of Appeals met this contention by a ruling that regardless of the expiration of his commission, the notary had an office and was still acting as such, that he was a notary *de facto,* and his acknowledgment would be accedited. The Court of Appeals cited authority to sustain this view.

This is not a material question, however. It has been established as aforesaid that Dusky Buckner executed the mortgage and the complainants herein are her heirs, not innocent parties. It is immaterial so far as complainants are concerned whether the mortgage was entitled to registration or not. Having been duly executed, it was good against them.

This mortgage or trust deed was prepared by an attorney in Asheville, North Carolina, and executed and acknowledged in that city. This attorney was named as trustee and the instrument gave him a power of sale upon default. Default having been made, the trustee made due advertisement and through an agent selected by the trustee a sale of the property, in accordance with the advertisement, was made in Tennessee. The trustee was not present at the sale, nor did he give any imme-

diate supervision thereto. The sale was conducted by the trustee's Tennessee agent.

Such being the facts, under the rule prevailing in this State, and perhaps in most other jurisdictions, so much of the complainants' bill as seeks to set aside the sale made must be sustained.

There is some conflict of decisions but the weight of authority seems to be that a trustee or mortgagee selling under a power must in person supervise and watch over the sale of the trust property. He must be present at the sale. Certainly, he must be easily accessible. As above stated, such has been the rule in this State. In *Green* v. *Stevenson,* 54 S. W., 1011, 1014, the Court of Tennessee Chancery Appeals said:

"The authorities are practically unanimous that a trustee or mortgagee, invested with power to sell under a mortgage or deed of trust to secure debts, cannot appoint an agent to make the sale, unless the authority to make such an appointment is granted in the instrument. The reason, in short, is that the mortgagee or trustee invested with power to sell is selected by the grantor because of his confidence in his integrity and discretion, and of his belief that he will, in making the sale, protect his interest. Perry, Trusts, secs. 287, 402, 499, 602m, 602x, 779, 780; Hill, Trustees, 175; *Graham* v. *King* [50 Mo., 22], 11 Am. Rep., 401; *Powell* v. *Turtle,* 3 N. Y., 396; *Fuller* v. *O'Neal* [69 Tex., 349], 6 S. W., 181 [5 Am. St. Rep., 59]; *Woddrop* v. *Weed* [154 Pa., 307], 26 A., 375, [35 Am. St. Rep., 832], 27 Am. & Eng. Enc. Law (1st Ed.), p. 143, notes and cases cited."

The court went on to say that a trustee might employ an agent to perform the merely mechanical or ministerial duties connected with the sale of the property, such as the crying of a sale by an auctioneer, etc. The

idea is that the power of sale reposed in an individual trustee is a personal trust and the duty of a trustee to the mortgagor requires a personal execution of such a trust. Of course, the case is different where a corporate trustee is named, since a corporation can only act through an agent.

It follows that we affirm the decree of the Court of Appeals in so far as it sustained the validity of the trust deed and the validity of the acknowledgment, but in our opinion, the sale, made by an agent of the trustee who was out of the State at the time was ineffectual. The trust deed merely stands as if there had been no attempt to foreclose and proper steps may hereafter be taken to enforce the creditors' rights.

The costs of the cause will be divided between the complainants and defendants.