## Campbell *against* Baker.

2w 83
174 470

. Contracts made by a manager of iron works in the course of the business, and without a specific pledge of his own responsibility, bind but his employer.

ERROR to *Franklin* county.

This was an action by William Campbell against Nicholas Baker, to recover the price of certain grain sold and delivered. Nicholas Baker was the manager of John Doyle, who was conducting iron works, and in the course of business executed and delivered this paper to the plaintiff.

"I will come under obligations to pay William Campbell the amount of rye and corn at the time appointed."

"For John Doyle,
"Nicholas Baker.

"December 1st 1823."

The grain was delivered in the mill by the plaintiff, and used by John Doyle; and this action was brought against Baker to recover on the above paper. The fact appeared upon the trial, that soon after the date of the paper, John Doyle became insolvent, and went off. The court below (Thompson, president) were of opinion that the obligation bound the principal only, and not the manager; and so instructed the jury, who found a verdict accordingly; and this was assigned for error.

*Crawford,* for plaintiff in error.

*A. Finley,* for defendant in error, cited, 11 *Mass. Rep.* 97; 12 *Johns. Rep.* 328; 6 *Binn.* 234; 15 *Johns.* 1; 16 *Mass. Rep.* 461; 4 *Amer. Dig.* 20.

The opinion of the Court was delivered by

Gibson, C. J.—By the common law, which coincides in this respect with the common understanding of the country, contracts made by a manager of iron works in the course of the business, and without a specific pledge of his own responsibility, bind but his employer. A party is not to be held for the debt of another without an explicit promise to pay it; and so far is this principle carried by the English statute of frauds, that such a promise is required to be in writing. That statute is not in force, nor would it affect the present contract if it were; yet the policy which dictated its enactment, bears strongly on the question of construction. The articles for which compensation is sought were purchased for the works; and must, in the absence of evidence to the contrary, be deemed to have been furnished

[Campbell v. Baker.]

on the credit of the principal.    But notwithstanding the name of the manager was signed for that of his principal, it is supposed that the terms of the agreement, in connexion with the circumstances of the parties, take the case out of the rule which protects a known agent from personal liability; and this as the supposed effect of Redhead *v.* Castor, 2 *C. L. R.,* 274, in which the agent was held liable, though the guarantee was expressly " on the behalf" of his principal. In that case, the contract was thought by Lord Ellenborough, who tried the cause, to bind the agent, because if it were to bind but his principals, who were already bound by an implied engagement to the same effect, it would have been superfluous.    In a case like the present, however, the furnishing of written evidence is sufficient to account for the existence of an express contract, without recurring, for a motive, to any supposed enlargement of its obligation.    But when that case came up in bank, a new trial was refused on safer ground than had been assumed at the trial, the agent being held liable, not only because a guarantee *ex vi termini* imports a personal engagement, but because it did not appear that the authority of the agent extended to the particular act—in other words, because there was in fact no principal.    The general rule is, that a person signing a contract as an agent merely, must sign the name of his principal, as was done here; and as to the objection to the direction, on the ground that the peculiar phraseology of the contract, as explained by the circumstances, drew the construction of the whole to the jury, it is sufficient that, in contemplation of law, there is nothing peculiarly indicative of an agreement to become personally bound in the words "I will come under obligations." These constitute a clumsy but common form of contracting; and their generality is qualified in the particular instance by the explanation prefixed to the signature.    It is in fact the designation of another as the party to be bound, which is the criterion in any case; and to effect this, it is indifferent whether the agent signs his name before or after the name of his principal.    Indeed, I should have little hesitation in saying that the designation may be effectually expressed in the body of the writing.    And this is entirely consistent with the decision in Redhead *v.* Castor, where the contract was expressed to be "on the behalf" of the principals; but evidently on their behalf, not as between principal and agent, but principal and surety.    In the case before us, the fact that the principal turned out to be insolvent a few months afterwards, was too remote from the concoction of the contract to have an effect on it; and it is clear, not only that the exposition of the whole was for the court, but that the construction put upon it was a sound one.

Judgment affirmed.