Preston Retreat *v.* Potter, Appellant.

Argued November 20, 1935.

Before Keller, P. J., Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*H. E. Potter,* with him *Frank A. Moorshead, William H. Doerr, Jr.* and *Philip C. Herr,* for appellant.

*Philip Price, Robert V. Massey, Jr.* and *Barnes, Biddle & Myers,* for appellee, were not heard.

Per Curiam, December 11, 1935:

The plaintiff brought this action of assumpsit to recover money paid by it for real estate taxes for the year 1930, assessed against premises 5318-20 Columbia Avenue, Philadelphia.

At the time the taxes were assessed the defendant was the registered owner of the premises. The plaintiff was the holder of mortgages secured upon said premises, and following default thereunder, entered judgments upon the bonds accompanying the mortgages and bought in the property at sheriff's sale for $50, taking a deed therefor from the sheriff on September 22, 1930. Thereafter, on April 28, 1931, the plaintiff paid the taxes for the year 1930, in the sum of $318.47, and

later brought this action against the defendant to recover the same with interest.

Two defenses were set up by the defendant in his affidavit of defense, both of which were held by the court below to be insufficient to prevent judgment:

1. That he was not the real owner of the property, but was merely holding it under a dry trust for the benefit of a third party.

Under the decision of the Supreme Court in Penna. Company v. Bergson, 307 Pa. 44, 159 A. 32, this would not be a valid defense to an action brought by the City or School District to recover for taxes assessed while the defendant was registered owner; nor to such an action by this plaintiff, who is subrogated to their rights.

2. That the Deficiency Judgment Act of July 1, 1935, P. L. 503, is a bar to the plaintiff's action.

The present action, although brought on August 1, 1935, was to recover for taxes assessed for the year 1930, paid by the plaintiff on April 28, 1931. The right of the plaintiff to recover for the taxes so paid accrued at the time of payment and is not affected by the Deficiency Judgment Act of 1935, supra. We discussed the matter in the case of Penna. Company v. Verlenden, 119 Pa. Superior Ct. 398, 181 A. 603. While that case was concerned with the Act of January 17, 1934, Special Session 1933-34, P. L. 243, the distinction is not important. For the reasons set forth in the Verlenden opinion the second ground of defense is insufficient.

Judgment affirmed.