## Philadelphia Saving Fund Society v. Commonwealth Trust Co.

Lawrence D. Blair, of Moorhead & Knox, for plaintiff.

Albert C. Hirsch, of Hirsch, Shumaker & Bash, for defendant.

ELLENBOGEN, J., June 26, 1941.—This case comes before the court en banc on an affidavit of defense raising questions of law. Defendant contends that this action cannot be maintained for two reasons:

First: The action being based on a bond signed by defendant as trustee, there is no individual liability on the part of defendant; and

Second: The obligation sued on is joint and not several.

In disposing of an affidavit of defense raising questions of law the averments of fact contained in the statement of claim must be assumed to be true.

This is an action in assumpsit on a bond accompanying a mortgage. The bond is dated November 4, 1912, and was executed and delivered in consideration of a loan of $100,000, secured by a mortgage on real estate located in the City of Pittsburgh. It is signed by the "Commonwealth Trust Company of Pittsburgh, Trustee" by Jno. W. Herron, president, and a number of other persons who signed individually or as executors of the last will and testament of Richard Hartje, deceased. The body of the bond designates the defendant as "Trustee under agreement and deed from Augustus Hartje dated March 7th, 1910, and July 1st, 1910, respectively, and recorded in said Allegheny County in deed book 1689, page 1, and deed book 1673, page 324, respectively." The amended statement of claim avers that the sum of $100,000 was "advanced to or for the benefit of the obligors in said bond" and "was used to pay off an existing mortgage" upon the property.

The statement of claim alleges failure to pay the

principal amount of the loan when due and a breach of the condition of the bond by failing to pay interest and taxes. The statement of claim does not aver that defendant ever promised personally to pay the loan of $100,000.

This suit is upon a written instrument, a copy of which is attached to the statement of claim. The construction of a written instrument is a question of law. It must be so construed as to carry out the intention of the parties, an intention which must be ascertained from the four corners of the instrument itself. The question before us is whether the instrument sued upon shows that the parties to it intended that the Commonwealth Trust Company of Pittsburgh should be individually and personally liable to repay the loan of $100,000, or whether the intention was that it should be liable only as a trustee and to the extent of the assets of the trust estate.

The bond itself is entirely silent about an individual obligation on the part of the Commonwealth Trust Company. Wherever the Commonwealth Trust Company is named in the bond, it is named as trustee under a trust estate, which is fully disclosed. The contract was made by the Commonwealth Trust Company in its representative capacity as trustee under certain deeds of trust and not in its individual or personal capacity. The loan was made for the benefit of the trust estate and not for the individual benefit of the Commonwealth Trust Company.

Attached to the bond is a warrant of attorney which authorizes any attorney of record in case of default for 30 days to appear for the obligors and confess judgment against them. This warrant of attorney is an integral part of the bond. It provides a speedy method by which, in case of default, the Philadelphia Saving Fund Society, the obligee in the bond and plaintiff in this case, could obtain a judgment for the amount of its claim. It is significant to note that this judgment is

authorized to be confessed against the Commonwealth Trust Company of Pittsburgh, as trustee under the agreement and deed from Augustus Hartje, and not against the Commonwealth Trust Company individually. This indicates to us very clearly that the parties to the bond, both the obligee as well as the obligors, intended that this defendant should be liable in its trust or representative capacity and not individually. Otherwise, they would have provided that judgment could be confessed against the Commonwealth Trust Company individually and not only against it as trustee.

The power to confess judgment was inserted in the warrant of attorney in order to provide a more convenient and speedy remedy than an ordinary action in assumpsit. It is difficult to believe that this warrant of attorney would not have provided for the entry of judgment against the Commonwealth Trust Company individually if the parties to the bond intended it should be liable on the bond in its individual capacity.

Plaintiff did not see fit to confess judgment on this bond. It preferred the slower remedy of an action in assumpsit. Can it be believed that when this bond was executed in 1912 the parties intended that, where judgment was confessed, the Commonwealth Trust Company should be liable only as trustee, but that in an action of assumpsit on the same bond the Commonwealth Trust Company should be liable individually? Obviously, it was not the intent of the parties that the person of defendant should be changed with the form of the remedy pursued by plaintiff.

It should be remembered that the bond must be construed in accordance with the intent of the parties at the time it was executed. Plaintiff must allege facts which sustain a reasonable inference that the parties to the bond intended that the Commonwealth Trust Company was to be individually liable on the bond. Plaintiff must be able to point to some specific provision in the bond which indicates an intention to hold this de-

fendant individually liable. If plaintiff fails to do so, it has failed to plead a cause of action and the statutory demurrer must be sustained. Moreover, if the terms of the bond are equally consistent with the construction that the Commonwealth Trust Company was to be liable only as trustee, as with a construction that it was to be liable also personally, then plaintiff has failed to meet the burden which is imposed upon it and the statutory demurrer must be sustained.

The facts that the Commonwealth Trust Company signed the bond as trustee and not individually, that the warrant of attorney attached to the bond authorizes confession of judgment against it only in its trust capacity and not in its individual capacity, and that wherever defendant is referred to in the bond it is designated as "trustee under the agreement and deed of Augustus Hartje," and not individually, indicate very definitely that it was the intention of all parties to the bond, at the time of its execution, that the Commonwealth Trust Company should be liable only as trustee, and not in its individual capacity.

It is our duty to construe the bond in accordance with the intention of the parties. The bond, so construed, does not permit a recovery against the Commonwealth Trust Company individually. Thousands of similar bonds have been given by other trust companies in every part of this State. It is a significant fact that the industrious labors of distinguished counsel for both plaintiff and defendant have not been able to unearth a single instance where a suit was filed in this State against a trustee individually on a bond signed in a trust capacity where the trust estate had been fully disclosed in the instrument. The very fact that not a single such instance has been recorded in our books is persuasive that there is no legal basis in Pennsylvania for such an action.

To hold otherwise would do violence to the obvious intention of the parties, as expressed in the bond, and it

would endanger every bank which conducts a trust department.

Some cases have been cited to us as having a bearing upon the question before us. In Dodson Coal Co. v. Delano, 266 Pa. 560, suit was entered against Delano individually to recover the value of certain improvements to a coal property made by plaintiff while it was lessee thereof. Defendant, Delano, was one of two trustees in possession of the coal property and it was averred that defendant had "assumed entire charge and management of said property, and, throughout the negotiations . . . had acted as the owner thereof". The court decided that Delano was not liable because he was acting as agent for a disclosed principal. On page 564 of the opinion of the court is a dictum which indicates that the Supreme Court was of the opinion that defendant would not be liable individually if he was acting in a trust capacity. The court there said (p. 564):

"This language, it will be observed, refers to the provisions of the lease and is not inconsistent with the theory, either that defendant was continuing to carry out his duties as trustee under the wills of the former owners, or that he was acting for the New Boston Land Company. . . ." Justice Frazer then discusses the case of Fehlinger, to use, v. Wood, 134 Pa. 517, as follows (p. 565):

"The case of Fehlinger v. Wood, 134 Pa. 517, relied upon by plaintiff to hold defendant personally liable is distinguishable on the ground that the contract in that case was in excess of the powers of defendant as executor and trustee under the will of decedent. Here there is no averment that defendant exceeded his authority or acted in a manner amounting to a fraud on plaintiff's rights nor is there an allegation of other circumstances tending to bring the case within an exception to the general rule that the disclosed principal alone is liable for the acts of his agent within the scope

of the latter's authority: Campbell v. Baker, 2 Watts, 83; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547."

The case of Fehlinger, to use, v. Wood, supra, is relied upon by plaintiff in this case. That was a suit in assumpsit to recover from the defendant individually the value of certain improvements on premises held by him in trust under his father's will. The referee expressly found that defendant made the promise to pay for these improvements personally and not in his representative capacity. He also found that the promise involved was in excess of the powers of the trustee under the terms of the will. Under these findings of fact, defendant was of course held to be personally liable. The court there simply decided that a trustee who makes a promise in his individual capacity, a promise moreover which is beyond his powers as trustee, is liable in his individual capacity. The Fehlinger case is no precedent for the contention of plaintiff in our case that the trustee is liable individually for promises made in his representative capacity.

There is, however, in the Fehlinger case a dictum which supports plaintiff's contention (p. 522) :

"A trustee can be held personally for materials ordered by him for the trust estate and on contracts made by him in its behalf, unless there be a special agreement to look only to the trust, and this is a question of fact: Perry on Trusts, 437; 1 Parsons on Cont., 102; Ell v. Carmine, 55 Md. 339; New v. Nicoll, 73 N. Y. 127 (29 Am. Rep. 111). See also 1 Reed on Stat. of Frauds, §168, and Pennsylvania cases there cited."

An examination of 1 Reed on Statutes of Frauds, sec. 168, shows that the Pennsylvania cases there cited all refer to executors and administrators. The Fehlinger case was approved by the Supreme Court on the opinion of Judge Rice. This approval does not constitute an acceptance of this dictum, because it is not necessary to the decision of the case.

The Act of June 24, 1939, P. L. 871, 20 PS §1171,

provides in section 1 that, where a fiduciary signs as such and discloses the estate or trust for which he contracts, he shall not be personally liable unless the instrument contains an express provision to the contrary.[1] Although section 4 of that act provides that it shall apply to all instruments " executed either before or after" the enactment of the Act of 1939, we have not considered this act in our decision. We have judged this case in accordance with the law as it stood at the time of the execution of the contract in 1912. We believe that, as the law then stood, defendant was not individually liable on the bond which it signed as trustee for a disclosed trust estate. If our opinion were to the contrary, the passage of the Act of 1939 could not retroactively change such liability. Section 4 of that act would then be palpably unconstitutional.

We are aware that the rule of law in other States differs from that in Pennsylvania.

According to the A. L. I. Restatement of Trusts, a trustee is individually liable upon a contract, unless the contract specifically provides the contrary. Sections 262 and 263 in the Restatement are as follows:

Sec. 262. "Except as stated in §263, the trustee is subject to personal liability upon contracts made by him in the course of the administration of the trust."

Sec. 263. "(1) The trustee is not subject to personal liability upon a contract made by him in the course of

---

[1] "Where an instrument contains, or a person adds to his signature thereto, words indicating that he contracts or signs in his capacity as fiduciary, and such words disclose the estate or trust for which he so contracts or signs, he shall not be personally liable on the instrument unless it contains an express provision that he shall be personally liable, and in the absence of such a provision, any action on the instrument shall be brought against such person only in his fiduciary capacity, or against his successor in such capacity, and execution upon any judgment obtained in any such action shall be had only against the assets and property in the hands and possession of such person or his successor, as fiduciary, and not against his own assets or property."

the administration of the trust, if by the contract it is provided that he shall not be personally liable."

The comment to section 262 clearly indicates the rule.[2]

3 Bogert on Trusts and Trustees, sec. 712, is similar.[3]

Significant are the reasons given by Bogert for this rule: sec. 712, p. 2107:

"The reasons for this attitude of the courts are well known. The trustee is the only legal entity who promised to perform the contract. The trust is not a legal person, nor is the trust property. The beneficiary was not a party to the contract. And the trustee is not an agent for him. The trustee does not purport in the ordinary case to sign for the *cestui*, or to bind the *cestui's* property for the performance of the obligation. The trustee is himself a principal and the only person whom the court of law recognizes as an obligor on the contract.

"Agency and trust, though much alike, have de-

---

[2] Comment, sec. 262 (*a*). "The trustee is personally liable upon a contract made by him in the course of the administration of the trust, whether or not in making the contract he is properly performing his duties as trustee.

"The trustee is personally liable whether or not the existence of the trust and the names of the beneficiaries are known to the other party to the contract, and whether or not it appears in the contract that the trustee is making it in the course of the administration of the trust, unless it is agreed that he shall not be personally liable (see §263)."

[3] Bogert on Trusts and Trustees, vol. 3, sec. 712:

"Assuming that a contract made by a trustee is within his powers, express or implied, it is generally held that the trustee is personally liable upon such a contract. He can be sued upon it as an individual and not as a representative. It is not necessary to add the words 'as trustee' to his name as a defendant, and their use in such a way is surplusage. A judgment against him is collectible out of his private property and not out of the trust property. A suit against him 'as trustee' at law will not enable the plaintiff to collect from the trust estate."

veloped separately in the law and are distinct concepts." (Italics supplied.)

In Pennsylvania these reasons do not apply. From the earliest beginnings our courts have applied equitable principles to actions at law. We have permitted suits at law against trustees: Mathews v. Stephenson, 6 Pa. 496; and we have held that the assets of trust estates are directly liable for obligations properly contracted by trustees: Woddrop v. Weed, 154 Pa. 307, 313; Manderson's Appeal, 113 Pa. 631; Yerkes v. Richards et al., 170 Pa. 346. Since in Pennsylvania the reasons for the rule that trustees are personally liable do not apply, the rule should not apply.

The action of the Commissioners on Uniform Laws in proposing the Uniform Trust Act is interesting: Uniform Laws, Annotated, vol. 9, paper supplement, p. 328. In the prefatory note the commissioners state three purposes in proposing the Uniform Trust Act. The first one is as follows:

"To do away with a few obsolete and unjust rules of trust law which have come about through unfortunate judicial decisions or are survivals of ancient property law; . . ."

One of the obsolete and unjust rules to be abolished is stated to be the common-law rule that a trustee can only be sued in his individual capacity, and that recovery cannot be had against trust assets. See section 12, subsec. 3, of the proposed Uniform Trust Act which makes the addition of the word "trustee" after the signature to a contract prima facie evidence of an intent to exclude the trustee from personal liability.[4]

---

[4] 49 U. L. A., Uniform Trust Act, sec. 12, subsec. 3: "The plaintiff may also hold the trustee who made the contract personally liable on such contract, if the contract does not exclude such personal liability. The addition of the word 'trustee' or the words 'as trustee' after the signature of a trustee to a contract shall be deemed prima facie evidence of an intent to exclude the trustee from personal liability."

Woodward's Appeal, 38 Pa. 322, lends some support to plaintiff's contention that this defendant is individually liable, but it is not a direct decision upon the question involved. In that case a guardian under authority conferred upon her by order of court bought real estate subject to a mortgage. In passing upon the guardian's account it was held that the guardian was personally liable on the mortgage which had been assumed in the conveyance and that the account should be so stated as to protect her against this personal liability. There are also cases which hold that an executor or an administrator is personally liable for any promise made by him but that he may indemnify himself out of the assets of the estate: Grier v. Huston, 8 S. & R. 402; Seip v. Drach, 14 Pa. 352; Oram's Estate, 9 Phila. 358.

Upon careful consideration of the authorities and of the cases in this and the other States, we are inclined to the rule that in this State, where equitable principles are applied in actions at law, a trustee who signs a bond in his trust capacity and fully discloses the identity of the trust estate is not liable personally unless the contrary intention appears from the instrument. However, our decision of the case before us is based not so much upon application of a general rule as upon our belief that a careful consideration of the instrument involved leads to the conclusion that the parties to the bond did not intend that the Commonwealth Trust Company of Pittsburgh should be personally liable. The intention of the parties controls and therefore a suit on the bond against the Commonwealth Trust Company of Pittsburgh individually must be dismissed.

In addition to the debt, represented by the bond, plaintiff seeks to recover taxes paid by it in order to protect the priority of the mortgage accompanying the bond. If this defendant personally were the recorded, registered, or real owner of the premises, it would be liable for these taxes upon the authority of Pennsyl-

vania Co. v. Bergson, 307 Pa. 44, and other recent cases which follow it.[5] This property, however, is not owned by the Commonwealth Trust Company of Pittsburgh in its individual capacity and was never so owned. From the averments in the statement of claim and its amendment, it appears that the ownership is in the trust estate and not in defendant individually. Under these facts defendant is not personally liable for the taxes so paid by plaintiff.

The affidavit of defense raising questions of law also contends that this action cannot be maintained because the obligation sued on is joint and not several. This contention is not well taken. In the bond the parties expressly state that "we do bind and oblige ourselves, our heirs, executors, and administrators, and every of them." The words "and every of them" must be transposed so as to be applicable to the persons of the obligors instead of being exclusively applicable to the persons of the representatives of the obligors. Otherwise, these words "and every of them" would have no meaning and purpose whatever, because the bond could not be joint as to the immediate parties and several as to their representatives. The condition of the bond also contains the words "the above-bounden obligor, their heirs, executors, or administrators, or any of them." The use of the words "or any of them" leads us to a similar conclusion. We hold that the obligation of the bond is several as well as joint: Geddis et al. v. Hawk, 10 S. & R. 33; Besore et al. v. Potter, 12 S. & R. 154; Wood v. Hummel, 4 Watts 50.

The affidavit of defense raising questions of law will be sustained.

### Order

And now, to wit, June 26, 1941, an affidavit of defense raising questions of law having been filed by de-

---

[5] Fidelity-Philadelphia Trust Co. v. Bergson (No. 1), 328 Pa. 545, Bunting v. North Philadelphia Trust Co. et al., 120 Pa. Superior Ct. 419, and Preston Retreat v. Potter, 120 Pa. Superior Ct. 82.

fendant and the same having come on for argument, upon consideration thereof, and the court being of the opinion that this action cannot be maintained, the affidavit of defense raising questions of law is hereby sustained and it is ordered that judgment be entered in favor of defendant.