## Pflaum, Exec., v. Workers Savings & Loan Assn.

*Edward J. Griffiths*, for plaintiff.
*David Friedman*, for defendant.

WINNET, J., September 17, 1942.—The rule for judgment raises the question whether the registered owner of a property is discharged from the obligation to pay taxes upon failure of the mortgagee to file a petition under the Deficiency Judgments Act of July 16, 1941, P. L. 400, 12 PS §2621.1. Plaintiff was the holder of a mortgage secured on premises 1914 Georgian Road, in the City of Philadelphia. Defendant was the registered owner on January 1, 1941. The property was bid in by plaintiff as mortgagee and the taxes due for the year 1941 were paid by the sheriff out of the proceeds of the sale. Plaintiff has brought suit to recover the amount of the taxes due on January 1, 1941. Defendant in the affidavit of defense has denied liability, basing it on the Deficiency Judgments Act.

The identical question was raised under the Deficiency Judgments Act of January 17, 1934, P. L. 243, in Pennsylvania Company, etc., v. Verlenden et al., 119 Pa. Superior Ct. 398, and also under the Deficiency Judgments Act of July 1, 1935, P. L. 503, in Preston Retreat v. Potter, 120 Pa. Superior Ct. 82. Although both these acts were declared unconstitutional, nevertheless, the reasoning of Pennsylvania Company, etc., v. Verlenden et al. is controlling and decisive. President Judge Keller there said (p. 401):

"The plaintiff here is not suing upon the mortgage.

It is suing as the purchaser of the real estate at sheriff's sale, on foreclosure of its mortgage, who was compelled to pay taxes which were due at the time of the sheriff's sale and for which the city and school district then had a right of action in assumpsit against the defendant as registered owner, to which right it has succeeded by subrogation. As the city and school district had no concern with any deficiency judgment under the mortgage, the plaintiff as purchaser at the sheriff's sale, subrogated to their rights as against the registered owner, is not in this proceeding concerned with the question of a deficiency judgment or the effect of a failure of the mortgagee to take proceedings under the Act of 1934, supra."

The 1941 Deficiency Judgments Act did not affect the right of the city and school authorities to sue defendant in assumpsit. The present plaintiff, upon payment of the tax, is subrogated to that right. The Deficiency Judgments Act does not release the real owner from any statutory liability for taxes.

The affidavit of defense is insufficient and the rule for judgment is made absolute.